UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOAN GEORGE LEWIN,

                           **OPINION & ORDER**

      - against -                                 23 cv 09223 (NSR)

CHARLES BUSAYO OLOWOKERE and
PEARSON EDUCATION INC.,

| USDC SDNY |
|---|
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __12/5/2024__ |

                  Defendants.

---------------------------------------------------------------X

Nelson S. Román, D.J.:

      Plaintiff Joan George Lewin ("Plaintiff") commenced the instant action in New York State Supreme Court, New York County, asserting claims sounding negligence against Defendants Charles Busayo Olowokere ("Olowokere") and Pearson Education Inc. ("Pearson") (collectively the "Defendants") for alleged personal injuries. (ECF No.1, Compl.) On October 20, 2023, the Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. On October 24, 2023, the Defendants filed an answer denying the allegations. (ECF No. 5.) Presently before the Court is Plaintiff's motion pursuant to Fed. R. Civ. Pro. § 56 seeking summary judgment on the issue of liability. (ECF Nos. 13, 14.) The Defendants oppose the motion. (ECF No. 15.) For the following reasons, the Court GRANTS Plaintiff's motion.

## BACKGROUND

Plaintiff is a resident of Westchester County, New York. Defendant Olowokere is a resident of the County of Fairfield, Connecticut. Defendant Pearson is a business entity incorporated in Delaware. On July 16, 2023, Olowokere was an employee of Pearson. Pearson owns a 2015 Toyota vehicle registered in Connecticut. On or about July 16, 2021 at approximately 3:21 P.M.., Plaintiff was operating her vehicle traveling eastbound on Interstate 287, east of MPM 2.3 in Westchester County, New York, when her vehicle was struck from behind by a vehicle driven by Olowokere and owned by Pearson. As a result of the collision, Plaintiff alleges she sustained personal injuries.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, *i.e.*, whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material fact exists, a litigant "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

## DISCUSSION

In support of her motion, Plaintiff submits an affidavit wherein she avers that on Friday, July 16, 2023, at approximately 3:00 P.M. she was operating her vehicle in the middle lane of Interstate 287 traveling eastbound. (ECF No. 135) Although the speed limit on the interstate is 55 mph, she was traveling below the speed limit. (*Id.*) While still in the middle lane proceeding straight ahead, Plaintiff reduced her speed to 30 mph and was struck in the rear by another vehicle. (*Id.*) She later learned that the offending vehicle was operated by Olowokere and owned by Pearson. (*Id.*) Following the collision, Plaintiff was taken to a hospital by ambulance and subsequently underwent surgeries to her back for injuries sustained in the accident. (*Id.*) At the time of the accident, Plaintiff was not on her cell phone and did not suddenly slam on her brakes. (*Id.*)

In opposition to Plaintiff's motion, Defendant Olowokere submit an affidavit wherein he avers that on July 16, 2023, while in the course of his employment as an account manager for Pearson, he was operating a vehicle owned by his employer and collided with a vehicle driven by

Plaintiff. (ECF No. 15-1) Prior to the accident, Olowokere was traveling in the far-right lane and merged onto the middle lane. (*Id*.) Olowokere was operating his vehicle below the posted 55 mph speed limit. (*Id*.) Notably, Olowokere avers that just after he merged onto the middle lane, he noticed that Plaintiff's vehicle, which was in front of him, also merged from the right lane to the middle lane. (*Id*.) His vehicle was 3-4 car lengths behind Plaintiff's vehicle when she merged onto the middle lane. (*Id*.) As he continued straight ahead, Plaintiff, without warning, unexpectedly slammed on her brakes despite there being no vehicles in front of her. Lastly, Olowokere asserts that just prior to the collision, he observed Plaintiff with a phone in her hand.

It is well settled that Federal courts exercising diversity jurisdiction must apply state substantive law." *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). Because the accident at issue occurred within New York State, New York law applies. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 109–11, 65 S.Ct. 1464 (1945). Moreover, the parties do not dispute that New York law applies.

It is well established that a rear-end collision with a slowing or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle. *See Ahmad v. Behal*, 221 A.D.3d 558, 558, 200 N.Y.S.3d 359, 360 (2023) (citing Kalair *v. Fajerman*, 202 A.D.3d 625, 626, 164 N.Y.S.3d 106 (2022)). Here, Plaintiff established that she was struck in the rear by the vehicle driven by Olowokere. Thus, negligence on the part of the rear vehicle operator, Olowokere, is established. It is now incumbent upon the rear vehicle operator, Olowokere, to provide a non-negligent explanation for the collision. *Somers v. Condlin*, 39 A.D.3d 289, 833 N.Y.S.2d 83, 84 (2007) (citing *Johnson v. Phillips*, 261 A.D.2d 269, 271, 690 N.Y.S.2d 545 (1999)).

The Defendants fail to provide a non-negligent explanation for the collision. Although Olowokere asserts that Plaintiff suddenly applied her brakes for no apparent reason, such assertion is insufficient. A defendant's claim that the driver of the lead vehicle made a sudden stop, standing alone, falls short of the requisite evidence to rebut the presumption of negligence in a rear-end collision. *Jumandeo v. Franks*, 56 A.D.3d 614, 615, 867 N.Y.S.2d 541, 542 (2008) (internal citations omitted); *Bajrami v. Twinkle Cab Corp.*, 147 A.D.3d 649, 649, 46 N.Y.S.3d 879 (2017). Under New York Vehicle and Traffic Law § 1129 [a], drivers are required to maintain a safe distance between their car and cars in front of them (and the rule imposes upon the driver a duty to be aware of traffic conditions, including vehicle stoppages. *See Sass v Ambu Trans Inc.*, 238 AD2d 570 (1997). Similarly, drivers have a "duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident." *DeAngelis v Kirschner*, 171 AD2d 593, 595 (1991).

Olowokere's attempt to create an issue of facts or to provide a non-negligent explanation for the accident fails in all respects. Olowokere's assertion that just prior to the collision he observed Plaintiff with a phone in her hand is unavailing. Generally, when deciding a motion for summary judgment issues of credibility are jury functions. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986); *see also United States v. Rem*, 38 F.3d 634 (2d Cir. 1994) (the resolution of credibility conflicts and choices between conflicting versions of events are matters for the jury and not for court to decide when resolving a summary judgment motion). However, the Second Circuit has created a very narrow exception to the rule. *See Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005). At the summary judgment stage, the non-moving party "must offer some hard evidence showing that its version of the events is not wholly fanciful."

*D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir.1998). The non-moving party is required to demonstrate "more than simply show that there is some metaphysical doubt as to the material facts," *Jeffreys* at 554 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986)). Nor may the non-moving party "rely on conclusory allegations or unsubstantiated speculation." *Jeffreys* at 554 (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir.2001) (internal quotation marks omitted).

In support of her motion for summary judgment, Plaintiff avers she was not using a cell phone at the time of the accident. Additionally, Plaintiff submits a picture of her vehicle which depicts a tinted rear window. Olowokere's assertion regarding Plaintiff's alleged use of the cell does not raise a triable issue of fact regarding the mechanism of the accident nor does it provide him with a non-negligent explanation. Moreover, the photograph of the Plaintiff's rear tinted window demonstrates that Olowokere's assertion of the cell phone is not based on "some hard evidence" and can best be described "wholly fanciful."

Lastly, in New York, under the doctrine of *respondeat superior*, an employer will be held liable for the negligence of an employee committed while the employee is acting within the scope of his employment. *Sauter v. New York Trib.*, 305 N.Y. 442, 113 N.E.2d 790 (1953). Additionally, in New York, with the exception of bona fide commercial lessors of motor vehicles, the owner of a motor vehicle is liable for the negligence of the driver who operates the vehicle with the owner's express or implied consent. *See* Vehicle and Traffic Law § 388; *Rodriguez v. Morales*, 217 A.D.3d 695, 696, 190 N.Y.S.3d 452 (2023). In his affidavit, Olowokere avers that at the time of the accident he was operating the vehicle in the course of his employment. His statement also implicitly provides consent on the part of the vehicle owner. Accordingly,

Pearson, as the employer of Olowokere and owner of the offending vehicle, is similarly deemed liable for the accident.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion seeking summary judgment on the issue of liability is GRANTED as against the Defendants. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 13.

The Parties are directed to meet and confer, and to submit a new case management plan on or before January 14, 2025. Upon submission of the case management plan, the Court will refer the matter to a magistrate judge of all pre-trial matters.

Dated:   December 5, 2024          SO ORDERED:
         White Plains, New York

_____
Hon. Nelson S. Roman
U.S. District Court Judge, S.D.N.Y.